# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent,**

**vs.)  No. 19-0843** (Braxton County 19-F-5)

**David Riffle,**
**Respondent Below, Petitioner**

**FILED**

**July 30, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner David Riffle, by counsel Kevin W. Hughart, appeals the August 22, 2019, order of the Circuit Court of Braxton County, challenging his conviction for the crime of soliciting a minor via computer and the resulting sentence. The State of West Virginia, by counsel Mary Beth Niday, filed a summary response in support of the circuit court's order.

This case satisfies the limited circumstances requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, reversed, in part, and remanded to the circuit court with instructions to correct the sentencing order to a determinate sentence to comport with West Virginia Code § 61-3C-14b(b).

Petitioner, a forty-three year old adult male, using the screen name "davidg324", engaged in conversations on the Kik application (an application used for instant messaging) with an individual whom he believed to be a thirteen year-old girl from Minnesota from November 8, 2017, to December 8, 2017. The individual with whom petitioner messaged was actually a Homeland Security Agent, an adult over the age of majority. Petitioner concedes that "[t]he conversations became flirtations (sic) and after some time were eventually somewhat erotic." Petitioner sent photographs via Kik, which showed him in various stages of undressing. Although the appendix does not contain the messages or photographs that were exchanged via the Kik application, petitioner notes that they were "somewhat erotic" and respondent notes that petitioner provided at least one photograph of his male sexual organ.

On March 15, 2018, the West Virginia State Police, Sutton Detachment, brought petitioner in for an interview. Petitioner was given his *Miranda* warnings,[1] he submitted to an interrogation, and he admitted that he was the individual behind the "davidg324" account. An arrest warrant was issued that day and petitioner was arrested on twenty-six counts of "Soliciting a Minor Via

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

1

Computer to Travel and Engage Minor in Prohibited Sexual Activity," and twenty counts of "Use of Obscene Matter to Seduce a Minor." After petitioner was appointed counsel, he waived his preliminary hearing, and the matter was bound over to the Circuit Court of Braxton County.

On February 5, 2019, petitioner was indicted by a Braxton County Grand Jury on the following charges: soliciting a minor via computer to travel and engage the minor in prohibited sexual activity, a felony; soliciting a minor via computer, a felony; and use of obscene matter with intent to seduce a minor (eighteen counts), all felonies.

Petitioner had a mental competency and criminal responsibility evaluation and he was deemed competent to stand trial and to assist his counsel with plea negotiations in the matter. The results of these evaluations were filed on March 5, 2019. Upon receipt of the evaluations, neither petitioner nor the State requested an additional evaluation.

On March 21, 2019, petitioner pled guilty to one count of "Soliciting a Minor via Computer to Travel and Engage Minor in Prohibited Sexual Activity" and three counts of "Use of Obscene Matter to Seduce a Minor." However, on the day prior to the sentencing hearing petitioner advised his counsel that he wished to withdraw his plea, noting that the plea was not voluntary. Petitioner also challenged his competency at the time that he entered the plea. As to this claim, the circuit court's Sentencing Hearing Order specifically found:

> WHEREFORE, counsel for the Defendant reported that he met with the Defendant yesterday at the Central Regional Jail wherein the Defendant informed him that he would like to withdraw his plea in the matter as he believes that he was not in his right mind when he entered said plea in that he was using controlled substances illegally and [] had experienced a psychiatric break. The State remarked that the court had questioned the Defendant extensively during the plea hearing in the matter and the Defendant stated that he understood what was going on. The Court made findings that the Defendant underwent a competency evaluation with Clayman and Associates and was deemed competent to stand trial and to assist his counsel with plea negotiations in the matter. Additionally, the Court made findings that the Defendant freely, knowingly, and voluntarily entered the plea with the assistance of counsel.

Thus, the circuit court denied petitioner's request to withdraw his guilty plea and, on August 8, 2019, he was sentenced to not less than twenty and no more than thirty years in the state penitentiary.

On appeal, petitioner challenges his underlying convictions and this sentence. Petitioner alleges that he was suffering from a mental disease or defect at the time of commission of the alleged crimes and should have had an additional competency evaluation. Next, petitioner claims that he entered his guilty plea without being fully informed or understanding the penalty which he faced, as a required by Rule 11(c) of the West Virginia Rules of Criminal Procedure. Additionally, he avers that the sentence the circuit court imposed upon him for the crime of "Soliciting a Minor via Computer to Travel and Engage Minor in Prohibited Sexual Activity" was illegal. Finally, he

argues that the circuit court erred in giving him a sentence so severe and disproportionate to the crimes he committed that it is unconstitutionally cruel and unusual.

Petitioner contends that his convictions should be reversed because he was suffering from a mental disease or defect at the time of the commission of the alleged acts and that the psychological report was incorrect in its assessment that he was neither legally insane nor suffering from diminished capacity at the time of the crimes. Petitioner argues that the results of the evaluation were skewed by the evaluator and he asserts that an additional psychological evaluation, though not requested by his counsel, should have been conducted. He has not, however, set forth factual or legal support for his claim. Also, petitioner has not presented any new evidence nor intervening change of circumstance that would call into question the previous competency finding or the court's findings that he freely, knowingly, and voluntarily entered the plea with the assistance of counsel.

Rule10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact and *law presented,* the standard of review applicable, and *citing the authorities relied on . . . [and]* must contain appropriate and specific citations to the record on appeal[.] . . . The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court noted that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the . . . record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure, and thus, we decline to address this assignment of error on appeal.

Next, petitioner maintains that his guilty plea was defective, as the plea was not knowingly and intelligently made because the plea omitted the word "both" in the sentencing provision. We disagree. Despite his argument to the contrary, we find that petitioner's guilty plea was knowingly and intelligently made because the circuit court advised him of the maximum and minimum penalties before accepting his plea. Moreover, pursuant to Rule 11 of the West Virginia Rules of Criminal Procedure and *Call v. McKenzie*, 159 W. Va. 191, 197-198, 220 S.E.2d 665, 670-671 (1975), the circuit court performed an extensive plea colloquy. Petitioner cannot credibly argue that this omission of the word "both" caused him not to understand his potential sentence.

Petitioner further asserts that the circuit court erred in sentencing him for the crime of "Soliciting a Minor via Computer to Travel and Engage Minor in Prohibited Sexual Activity." Specifically, petitioner alleges that the circuit court improperly sentenced him to an indeterminate sentence instead of a determinate sentence because West Virginia Code § 61-3C-14b(b) specifically provides that an individual who is convicted of Soliciting a Minor via Computer to

3

Travel and Engage Minor in Prohibited Sexual Activity is to be sentenced to a "determinate sentence of not less than five nor more than thirty years[.]" Based upon the express language of the statute, we agree with petitioner and conclude that his sentence is illegal. Therefore, we reverse the sentencing order, and remand this matter to the circuit court, with the direction for the circuit court to enter a sentencing order that is consistent with the controlling statute.

Finally, petitioner argues that his sentence is constitutionally disproportionate to the crimes and therefore violates the state constitution. Inasmuch as we have reversed the sentencing order, this matter is moot.

For the foregoing reasons, the decision of the circuit court is affirmed, in part, reversed, in part, and remanded to the circuit court with instructions to correct the sentencing order to a determinate sentence to comport with West Virginia Code § 61-3C-14b(b).

Affirmed, in part, and reversed and remanded, in part.

**ISSUED:** July 30, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4